UNITED STATES COURT
for the Western District of Pennsylvania

Christopher M Miller
PLAINTIFF

CIVIL ACTION LAW

v

WARDEN - GREGORY GEBAUER
D. WARDEN - ED WARMBRODT
MEMBERS OF PRISON BOARD;
COMMISSIONER - MATT QUESENBURY - CHAIR
COMMISSIONER - JOE DAGHIR
COMMISSIONER - FRITZ LECKER
SHERIFF - TODD CALTAGARONE
DISTRICT ATTORNEY - TOM COPPOLO)

CASE NO. ___20-160 Erie___

RECEIVED

JUN 22 2020

CLERK, U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

INDIVIDUALLY &
OFFICIAL CAPACITY

DEFENDENTS

42 U.S.C § 1983
CIVIL SUIT

AND NOW THIS 18TH DAY OF JUNE 2020.
COMES THE PETITIONER IN THE FORM OF PRO-
SE. BRINGING SUIT UPON RESPONDENTS FOR
MULTIPLE CONSTITUTIONAL VIOLATIONS THAT HAVE
OCCURED WHILE BEING INCARCERATED IN THE
ELK COUNTY PRISON. SEEKING DECLARATORY
AND INJUNCTIVE RELIEF AND PUNITIVE
DAMAGES.

# Averments.

pg 1

Petitioner avers his first Amendment has been violated.

Petitioner avers his fifth Amendment has been violated.

Petitioner avers his sixth Amendment has been violated.

Petitioner avers his eighth Amendment has been violated

Petitioner avers his due process rights of the 14 Amendment and his Equal Protection Clause to the 14 Amendment have been violated.

pg 2

The petitioner avers that the administration handled his grievances and grievance appeals in a rote and perfunctory manner.

Petitioner avers that administrations actions are flagrant violations of Constitutional guarantees.

Petitioner avers that administration violated the requirement that states provide hearing as prequisite to an effective determination of guilt for the filing of formal Charges by the District Attorney. And denial infringes paramount Constitutional rights

Federal due process requires that the referral of a case to District Attorney for filing of formal Charges be predicated upon notice and opportunity and the filing of formal Charges without hearing was violative of the basic requirements of due process. Liberty is a vest right

# Relief Sought.

pg 3

Petitioner prays for declaratory relief.

Petitioner prays for injunctive relief to cease all state proceedings that are pending in case number
    Commonwealth of Pennsylvania.
        V.
    Christopher Michael Miller
    DOCKET NO: MJ-59302-CR-0000064-2020
for which the mode relied upon for charges amounts to unconstitutional descrimination.

Petitioner prays for a Mandamus Writ ordering Elk County Prison Administration to cease all advanced communications hearings via video conferencing due to their inherent defect resulting in their constitutional infirmity until fixed.

Petitioner prays for damages in the sum of $1,500,000, due to the flagrant abuse resulting in mental anguish during Covid-19 pandemic, with no jail visits, fear of never seeing grandmother, mother, wife and or any member of family ever again. Plus the time i spent in jail and earnings from lost work.

# Relief Sought cont.

The petitioner is requesting of the Court for the appointment of Counsel to further assist him in this case.

Petitioner argues with compelling force that he has abundantly established an irrefutable prima fascia case.

Petitioner avers that the mode in which the state arrived in charging him while violating his Constitutional Rights is unconstitutional discrimination

# Cause of Action #1

pg1

a. Failure to provide adequate notice or a hearing prior to receiving disciplinary sanction. Case referred to the District Attorney for the filing of formal Criminal Charges.

   To Wit: Prison administration knowingly sanctioned the petitioner Christopher Miller without providing adequate notice or a hearing in regards to an incident dated Jan. 29, 2020 which resulted in Criminal charges

   To Wit: Petitioner learned of charges by way of informal arraignment proceeding dated April 6 2020. 71 days after date of incident

   The due process clause protects the unalienable liberty recognized in the Declaration of Independence rather than the particular rights or privileges conferred by specific laws or regulations
   The distinction between a "right" and a "privilege" or between "liberty" and a "privilege" for that matter, is no where more meaningless than behind prison walls.

SOSTRE V McGINNIS
442 F. 2d 178

To fit the liberty recognized in our fundamental instrument of government, the process due by reason of the Constitution similarly should not depend on the particularities of the local prison code. Rather, the basic universal requirements are notice of the acts of misconduct prison officials say the inmate committed and an opportunity to respond to the charges before a trust-worthy decision maker, an unbiased tribunal, notice of the proposed government action and the grounds asserted for it and an opportunity to present reasons why the proposed action should not be taken are fundamental. additional safeguards depend on the importance of the private interest. the utility of particular safeguards and the burden of affording them.     WALKER V PATE 356 F.2d 86

The restraints and the punishment which a criminal conviction entails do not place the citizen beyond the ethical tradition that accords respect to the dignity and intrinsic worth of every individual. Liberty and custody are not mutually exclusive concepts

pg 3

If the Morrissey decision is not narrowly limited by the distinction between physical confinement and conditional liberty to live at large in society, it requires that due process precede any substantial deprivation of the liberty of persons in custody. We believe a due regard for the interests of the individual inmate as well as the interests of that substantial segment of our total society represented by inmates requires that Morrissey be so read.

This does not mean, however that every decision by prison officials should be subject to Judicial Review or that the courts rather than experienced administrators should write prison regulations. Morrissey. reminds us that due process is a flexible concept that takes account of the importance of the interest at stake thus it is abundantly clear that a myriad of problems of prison administration must remain beyond the scope of proper judicial concern. Only significant deprivations of liberty raise constitutional issues under Morrissey. Moreover in determining whether to require due process we not choose between the full panoply of rights accorded a defendant in a criminal

prosecution one the one hand and no safe-
guards on the other. Rather as Morrissey
aptly illustrates the requirements of
due process may be shaped to fit the
needs of a particular situation.

UNITED STATES EX. REL MILLER V TWOMEY 479 F. 2d 701

As this court agrees in holding the
disciplinary board must provide a state-
ment of reasons for its ultimate determin-
ation on the merits and such written
statement is crucial not only to provide
a basis for review but to ensure that the
board will act fairly of course even in a
criminal trial the right to present ones
own witnesses may be limited by the trial
judges findings that the evidence offered
is irrelevant, incompetent or needlessly
repetitious and certainly the same restrictions
may apply in the prison setting. But when
the judge makes such a ruling it is a matter
in the record which may be challenged on
appeal, Nebraska may not provide any channel
for administrative appeal of the board ruling
but because" the fundamental requiste of
due process of law is the opportunity to
be heard ( GOLDBERG V KELLY 397 US 254
Some possibility must remain open for Judicial

oversight. Here as with rights of confron-
tation, and cross-exam [ Judges opinion ]
I must dissent from the court's holding
that the prisoner's exercise of fundamental
Constitutional right should be left within
the unreviewable discretion of prison
authorities

Prisoners often have their privileges
revoked, are denied the right of access
to Counsel, set in solitary or maximum
security or lose accrued "good time of a singled
unreviewed report of a guard. When the courts
defer to administrative discretion it is this
guard whom they delegate the final word on
"reasonable prison practices." This is the central
evil in prison ;... the unreviewed administrative
discretion granted to poorly trained personnel
who deal directly with prisoners THE UNCONSTIT-
UTION OF PRISON LIFE 55 VA L. REV.

The discussion as to whether an inmate
should be allowed to confront his accusers
should not be left to the unchecked and unreview-
able discretion of the disciplinary board. The
argument offered for that result is that the
danger of violent response by the inmate
against his accusers is great and that only
prison administrators are in a position to
weigh the necessity of secrecy in each case

pg 6

But it is precisely this unchecked power of prison administrators which is the problem that due process safe guards are required to cure, not only the principal of judicial review but the whole scheme of American government reflects institutionalized mistrust of any such unchecked and unbalanced power over essential liberties.... The goal is to reintegrate inmates into a society where men are supposed to be treated fairly by the govt. not arbitrarly. The opposed procedure will be counterproductive. A report prepared for the joint Commission on Correctional Manpower, and Training has pointed out that the "basic hurdle to reintegration is the concept of a prisoner as a nonperson and the jailer as an absolute monarch. The legal strategy to surmount this hurdle is to adopt rules maximizing the prisoners freedom, dignity and responsibility. More particularly the law must respond to the substantive and procedural claims that prisoners may have ( F. COHEN THE LEGAL CHALLENGE TO CORRECTIONS) We recognized this truth in Morrissey V. Brewer 443US 952 Where we noted that society has an interest in treating the parolee fairly in part because fair treatment in parolee revocations will enhance the chance rehabili-tation by avoiding reactions to arbitrariness

Case 1:20-cv-00160-RAL   Document 1-2   Filed 06/22/20   Page 12 of 36

pg 7

443 US SUPRA. The same principal applies to inmates as well WOLFF V. MᶜDONNELL 418 US 539.

Though the Constitution does not guarantee good time credits for satisfactory behavior while in prison and though the due process clause does not require a hearing in every conceivable case of government impairment of private interest where state created right to good time and recognized that its deprivation was a sanction authorized for MAJOR misconduct prisoners interest therein was sufficiently embraced with the 14ᵗʰ Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state created right was not arbitrarily abrogated
CONSTITUTIONAL LAW 272

Some kind of hearing is required at some point a person is finally deprived of his liberty even when the liberty interest is a statutory creation of the state 14ᵀᴴ AMENDMENT
MORRISSEY V BREWER 443 F.2d 952

Deprivation is a sanction authorized for MAJOR misconduct. The prisoners interest has real substance and is sufficiently embraced within the 14ᵀᴴ AMENDMENT. liberty to entitle him to

those minimum procedures appropriate under
the circumstances and required by the Due
Process Clause to ensure the state created
right is not arbitrarly abrogated.

WHITLOCK V JOHNSON 982 F. Supp 615.


We think a persons liberty is equally
protected even when the liberty it self, is
a statutory creation of the state The touchstone
of Due process is protection of the indurdual
against arbitrary action of government. The
finding of guilty of serious misconduct
becomes critical and the minimum requirements
of procedural due process appropriate for the
circumstances must be observed

GAGNON V. SCARPELLI 411 US


Full consideration must be given to the cause
for the adverse behavior, the setting and circum-
stances in which it occured, the mans account -
ability, and the correctional treatment goals,
as well as the direction that disciplinary
measures will be taken only at such times
and to such degrees as are necessary to regulate
and control a mans behavior within acceptable
limits and will never rendered capriciously
or in the nature of retaliation or revenge

It therefore imposes a minimum standard, namely that a deprivation falls within the 14th Amendments definition of liberty only if it imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life.

Majority basic objective namely to read the Constitutions Due Process Clause to protect inmates against deprivations of freedom that are important not comparatively insignificant. As so read the standards will not Create procedurally protected liberty interest where only minor matters are at stake.

Never the less there are several important reasons in prison context to consider, in the prison context to consider the provision of state law. The fact that a further deprivation of an inmates freedom takes place under local rules that Cabin the authorities discretionary power to impose the restraint suggest, other things being equal, that the matter is more likely to have played an important role in the life of the Inmate     !! HEWITT 488 US 103 S.CT 2880

It suggests, other things being equal that the matter is more likely of a kind to which procedural protections historically

have applied and where they normally
prove useful for such rules often single
out an inmate and condition a deprivation
upon the existence or non existence of
particular facts   HELMS V HEWITT 488US103
                    BAXTER √ Palmigiano 425 US 308
        In the HEWITT V HELMS '459 US 460
the commonwealth has gone beyond simple
procedural guidelines. It has used language
of an unmistakably mandatory character
requiring certain procedures "shall" "will"
or must be employed. The petitioner argue
with considerable force that these terms
must be read in light of the fact that
the decision whether to confine an inmate
to administrative segregation is largely
predictive. And therefore, that it is not
likely the state meant to create binding
requirements But on balance we are
persuaded that the repeated use of explicity
mandatory language in connection with
requiring specific substantive demands
a conclusion that the state has created
a protected liberty interest
        HEWITT V HELMS '459 US 460

## Application of Hewitt v Helms Analysis pg11

This case and petitioners argument are nearly identical, minus custody status.

Elk County Prison Policy disciplinary procedures provide among other things. Condensed version See EXIBIT #16 for Complete version of rules.

a | ECP has implemented a Disciplinary Procedure, which is consistent with all applicable legal requirements. The Disciplinary Procedure is necessary to regulate the behavior of inmates and also to provide adequate protection to staff (the public) prison property and the inmate population as a whole. All disciplinary actions will be implemented in a fair and consistent manner. Our staff will report all violations of ECP Rules and Regulations. If you violate a rule, a Disciplinary Report will be filed against you.

b. | ECP Rules and Regulations have been classified into three (3) seperate classes Class I and II violations are considered to be Major Violations and MUST be decided through a formal Disciplinary Board Hearing.

C Class I High Violations
Rule # 34. Attempting / Committing any felony, misdemeanor or summary offense not otherwise specified.

I Petitioner Charged with 1 felony and 1 summary Charge.

D. Disciplinary Board Hearings
The disciplinary hearing board will handle all Disciplinary Hearings. The Board will hear the facts concerning all allegations made against inmates, evaluate the Evidence, interview witnesses and arrive at a determination.

I Petitioner avers that the statement "The Board will hear the facts concerning all allegations made against inmates". is an implicit promise.

E The Disciplinary Hearing Board will be made up of three impartial persons, none of which were involved in the alleged Violations. The Board will Consist of:
1. Deputy Warden / Corrections Counselor
2. Probation Staff
3. One full-time Correctional Officer.

pg 13

F. Disciplinary Actions

The Disciplinary Board may, at its discretion, take any of the following actions after hearing the facts of the case.

I. Refer the case to the District Attorney for filing of formal charges

Irrespective of whether this punishment amounts to a deprivation of liberty independent of State law. Here the prisons own disciplinary rules severly cabin the authority of prison officials to impose this kind of punishment

The cabining effect or cabin effect Cabins or limits the authorities discretionary power to impose the restraint, other things being equal that the matter is more likely to have played an important role in the life of the inmate "HEWITT v HELMS 459 US 460 The approach embraced be HEWITT discourages this desirable development that States may avoid creation of "liberty" interests by having scarcely any regulations or conferring standardless discretion on correctional personnel.

pg 14

These characteristics of cabined discretion means that courts can use it as a kind of touchstone that can help them when they consider the broad middle category of prison restraints, to seperate those kinds of restraints that in general are more likely to call for constitutionally guaranteed procedural protections from those that more likely not. A touchstone to help courts apply the middle category standard and determine if defendents claim of deprivation fell outside of it and amounts to a grievous loss thus requiring procedural protections

WOLFF V MCDONNELL 418 US 94

The petitioner avers that this deprivation took place under local disciplinary rules and does cabin officials discretionary abilities sufficiently thus resulting in the deprivation of the defendents residuum liberties.

VITEK V JONES 445 US 491-494

Now it remains to be true that prison officials must be accorded latitude in the administration of prison affairs and prisoners like others other individual, have the right to petition

pg 15

the government for a redress of
grievances which includes access of
prisoners to the courts for purpose of
presenting their complaint
          JOHNSON V AVERY 393 US
CONSTITUTIONAL AMENDMENTS 1-8-14
     The district court held that "grevious
loss" included a possible increase in a
prison sentence by referral of the discipl-
inary action to the Adult Authority, fine
or forfeiture of accumulated earnings,
isolation confinement for more than 10
days, indefinite confinement in the
adjustment center, or segeration and
referral to the District Attorney for
criminal prosecution  328 F.Supp 785

     Referring a case involves a determination
of guilt  Claim of due process deficiencies
of his disciplinary hearing against
Constitutional standards of WOLFF V.
McDONNELL 418 US 94 there by implicity
acknowledging that a protectable liberty
interest was involved
     We think that if the state can
accomplish its purpose Just as well by
observing some measure of due process
safeguard entails little or no administration

pg 16

burden, it should be employed whenever due process is merited. If the burden on the state is minimal, there seems to be no reason why the decision should not be made with greatest possible care

Due to the peculiar, environment of the prison setting it may be that certain facts relevant to the disciplinary determination do not come to light until after the formal hearing. It would be unduly restrictive to require that such facts be excluded from consideration in as much as they may provide valuable information with respects to the incident in question and may assist prison officials in tailoring penalties to enhance correctional goals. In so stating however we in no way diminish our holding in Wolff that there must be a written statement by the fact finders as to the disciplinary action 418 US SCT 2979  WOLFF V McDonnell

That the procedures we have now required in prison disciplinary proceedings represent a reasonable accommodation between the interests of the inmate and the needs of the institution 418 US SCT2982

pg 17

Prison disciplinary proceedings will invariably turn on disputed questions of fact the reason for a fact determining process becomes essential there is a significant potential for abuse of the disciplinary process even more so when it's arbitrarily abrogated by persons motivated by malice vindictiveness, intolerance prejudiced or jealousy or just a guard seeking to vindicate their otherwise absolute power over the men under their control

To allow prison administrators to circumvent their own policys rules and regulations with no regard to this inmates Constitutional rights and the administration to review grievances of own administrations egregious Conduct and be left unreviewable.

The defendent avers he's sought and exhausted his relief grievance and grievance appeals and was highly improbable of administration admitting wrong doing as they were the cause of initial deprivation and has only proved to be an obstructive formality.

pg 18

Where prison officials deliberately deprived prison inmate of liberty and failed to provide process that was constitutionally required, inmates constitutional rights were violated, whether failure to provide process was intentional, grossly negligent or without fault at all. U.S.C.A. Constitutional Amendments 5-14

A prisoner is entitled to certain due process guarantees with respect to disciplinary proceedings which could result an increase in amount of time prisoner would be required to spend in prison or which could result in deprivation of certain liberties enjoyed by other inmates.

CONSTITUTIONAL LAW 272

Inmates retain a residuum of constitutionally protected liberty after they are convicted and incarcerated and serious inroads on that liberty can be made only by following due process requirements.

CONSTITUTIONAL LAW (855(1) 277(1)

Any prison disciplinary proceeding which impairs a prisoners liberty or adversely affects his property interest and which is not de minimis condemns

pg 19

a prisoner to suffer grievous loss thus
entitles prisoner to due process in
connection with the proceedings
U.S.C.A. Amendment 14

Disciplinary proceedings which could
result in entry being made in prisoners
permanent file and could thus affect
length of his sentence or his eligibility
for parole or which could result in
temporary suspension of privileges by
restricting prisoners activities to a
greater extent than the general prison
population constitutes an abridgement
of the prisoners limited residual liberty
and thus entitles prisoner to due process
U.S.C.A. Amendment 14

Acceptance of the fact that incarcera-
tion because of inherent administrative
may necessitate the withdrawl of many
rights and privileges does not preclude
recognition by courts of a duty to protect
prisoner from unlawful and onerous
treatment of a nature that of itself, adds
punitive measures to those legally meted
out by the court

It is well established that prisoners do not lose all their Constitutional rights and that Due process and Equal Protection Clause of the 14 Amendment follows them into prison and protect them there from unconstitutional action on the part of prison authorities carried out under color of state law. GRAY V. CREAMER 465 F.2d 179

As a generalization it can be said that due process embodies the differing rules of fair play, which through the years have become associated with differing types of proceedings. Whether the Constitution requires that a particular right obtained in a specific procedure, depends upon a complexity of factors. The nature of the proceeding are all consider- ations which must be taken into account.

To determine whether due process requirements apply in the first place, court must look not to the weight, but to the nature, of the interest at stake to see if a liberty or property interest is involved.

pg 21

Fashioning of the due process formula for any situation requires the striking of an appropriate balance by identifying and assessing the relative weights of the competing individual and state interest involved

The Supreme Court reasoned that the extent to which procedural due process must be afforded the recipient, depends upon whether the recipients interest in avoiding that loss outweighs the governmental interest in Summary adjudication   HAHN V BURKE 430 F.2d 100

Id @ 263  90 S.Ct, @ 1018

This balancing test concludes that the petitioners loss of freedom outweighed the added State burden of providing a disciplinary hearing prior to referring the case to the District Attorney for filing of formal Charges.

# Cause of Action #2

pg 1

TO WIT: Petitioner avers that the following circumstances described below abridged his 6th Amendment right of the United States Constitution

The ever changing world and the Covid-19 pandemic has forced advances in technologies at unprecedented rates. Changing every day life as we knew it.

With evolving advances in technologies arise novel circumstances calling for circumscription of procedures to meet the needs of, and comply with statutes as well as Constitutional requirements.

Violation of 6th Amendment.

2. The Elk County Prison located in Elk County, Ridgway PA 15853 have been conducting defendants criminal proceedings in a manner Constitutionally infirm. And falls painfully of providing protection the 6th Amendment demands.

I. Hearings are being conducted in the prisons intake room

II. The inmate/defendent required to stand for full duration of hearing.

pg 2

III. Hearings are conducted via zoom virtual hearing. Inmate/defendent required to stand 2 to 3 feet away

IV. All hearings are conducted with a Corrections Sergeant within 3ft. observing

VI. Unlike a hearing where you are physically present next to counsel and have the ability to communicate and take notes. The Court has suggested when defendent wishes to consult with Attorney he states such and all participants turn volume down and Attorney & client retain privilege

VII. On 4-22-20 Petitioner had preliminary hearing pertaining to case number, MJ-59302-CR-0000064-2020 Charges for incident that allegedly occured within same facility

VIII. During said hearing there were multiple instances where petitioner required to speak with attorney. All parties complied with volume during these periods. The Sergeant Mattase refused to leave room after being asked repeatedly by myself giving explanation for such need. He would not leave and was forced to speak with lawyer with Sergeant Mattase in room or lose valuable communications with lawyer.

pg 3

IX   This Sergeant Mattuse is an active part of the case that the preliminary hearing was being held for. This is a serious conflict of interest and has abridged my 6th Amendment rights

X  Lastly as defendent has right to take notes during hearings. This too is not possible as there is no where to write on thus denying another aspect of defendent rights

Petitioner avers he brought up the issues of the denial of disciplinary hearing at petitioner's bail reduction hearing of said case. See EXIBIT 15 pg 9 line 13 to pg. 11 line 24.

# Affidavit of Probable Cause

pg 1

The petitioner avers that on April 6 2020, while incarcerated at the Elk County Prison serving a 90 day sentence which was to expire on April 26th 2020. Petitioner was taken to the intake booking room, Where upon he was made aware by way of informal arraignment that he had been Charged with crimes ( SEE EXIBIT #1 ) incident date Jan. 29th 2020. Two days after being incarcerated, intake date Jan. 27th 2020 A total of 71 (seventy one) days in total had passed since date of incident which was kept clandestine. Petitioner was never informed that this incident was reported. Petitioner never received notice neither formal or informal. There was no disciplinary report filed. The petitioner never received a disciplinary hearing or even a modicum of a chance to rebut the allegations against him nor an opportunity to present evidence exculpatory in nature and mitigating factors that contributed to incident thus negating the severity

Petitioner avers upon learning of the incident being referred to the District Attorney for filing of formal charges

pg 2

The petitioner requested to receive a grievance feeling as tho he should of received a disciplinary hearing because referring a case to the District Attorney is a disciplinary action which would of required a disciplinary report being filed, a hearing being held by a fair and unbiased tribunal and only after hearing the facts of case could it be referred to District Attorney if a determination of guilt was determined. The request for grievance was orally denied (SEE EXIBIT #2)

Petitioner avers that only after several days of asking did he finally receive 3 grievance forms. Grievance # 04-2020 (SEE EXIBIT #3) Grievance # 05-2020 (SEE EXIBIT #4) Grievance # 06-2020 (SEE EXIBIT #5) Which all were denied in a rote and perfunctory manner

Petitioner appealed the denial of grievances responses to the warden The Warden Gebauer, also too denied all 3 grievance appeals. These too were denied in a rote and perfunctory manner as he denied all three were the same issue

pg 3

even tho they were not. They were three
seperate issues related to one incident.
The warden not even addressing the
Unsafe Conditions existing within the
facility. (SEE EXIBIT #11)

The petitioner avers he sought and
exhausted his relief, through the inmate
grievance procedure (SEE EXIBIT #17)
as well as Disciplinary Appeal Procedure
(SEE EXIBIT #18)

The petitioner argues with compelling
force, that the denial of a timely notice
and or a disciplinary hearing amounts to
a manifest deprovation of petitioners
Constitutional right of Due Process
of the United States Constitutional Amend-
ment (#14) also violating the Equal
Protection Clause within the 14Th Amendment
Moreover, this incident has also become
a part of the petitioners permanent inmate
Subpoena for inmate file records (SEE EXIBIT
#13) And Elk County Prison Unformational
report SEE EXIBIT #14) There has been no
adversarial process or preliminary
adjudication of innocence or guilt relied
upon factual findings by way of disciplinary

hearing

Violation of Equal Protection Clause to the United States Constitution 14TH Amendment.

The petitioner avers that due to the prisons egregious abuse of discretion he was deprived the safe guard of Equal Protection provided by the Equal Protection clause to the United States Constitution 14TH Amendment.

Warden Gebauers grievance appeal responses SEE EXIBIT #11(pgh 2) "Had the alleged threat been towards a staff member of this facility then a misconduct (may) have been issued.... Sanctions and/or the possibility of criminal charges being filed. Validates the disparity in terms of Equal Protection Some individuals "may" get internal sanctions.

Moreover. "may" have been issued. Is completely inconsistent with the Prisons policy which states SEE EXIBIT # 16, for Disciplinary procedures

The wardens Gebauers manifest ignorance to prison policy and procedure

pg5

is astounding, laughable even. He states," You were not issued any (sanction) because it didn't involve a formal misconduct.

To allow administration to circumvent their own policy is surely to allow the tail to wag the Constitutional dog.

Referring the Case to the District Attorney for filing of formal charges is classified as a disciplinary sanction SEE EXIBIT #16

With respect to not receiving a formal misconduct. Petitioner has been charged with a (F3) and a Summary offense which would Unmistakenly be Considered a Class 1 Major Violation Rule # 34 SEE EXIBIT # 16

More inconsistencies arise from Warden, Gebauers position on grievance. appeal is that the disciplinary procedure was not invoked pgh 1 LINE 7-8-9 because petitioner did not violate or attempt to violate any crimes within this facility or relating to this facility or any jail employee or staff members

pg 6

Petitioner argues. that he has been charged with a crime and was incarcerated in Elk County Prison on date of incident Jan, 29 2020 EXIBIT 1 pg 6

Prison policy SEE EXIBIT #16

This alleged incident occurred on Jan 29 2020 Just 4hrs after petitioner was taken off of suicide watch after trying to commit suicide two days prior. A Correctional officer Randy Sidelingons reported the incident to Sgt. The following morning. after being discussed with both the Warden & Deputy Warden. It was decided that the case be referred to the District Attorney for filing of formal charges

Petitioner was only made aware of Charges Some 71 seventy one days later by way of informal arraignment.

Also in grievance appeal SEE EXBIT #11 LINE 18-19. States from Warden." The filing of Criminal Charges has nothing to do whether or not you were issued a misconduct. This too is factually incorrect per prison policy, the state created Liberty right and the United States Constitution

Violation of Petitioners 8th Amendment      pg 7

1.) Being subjected to additional time exceeding my original 90 day sentence w/o due process, receiving the severest sanction that could be imposed

2.) Unsafe Conditions within the facility. Petitioner avers he made medical dept and Correctional staff aware he was in need of mental care. No action was taken and petitioner wound up slicing his wrist the 2nd time in 2 weeks.