IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. MILLER, | Case No. 1:20-cv-160 Erie |
| Plaintiff | |
| v. | RICHARD A. LANZILLO |
| | UNITED STATES MAGISTRATE JUDGE |
| WARDEN GREGORY GEBAUER, et al., | |
| Defendants | ORDER |

Plaintiff, a prisoner in the custody of the Pennsylvania Department of Corrections, seeks to bring a civil action *in forma pauperis* [ECF No. 1], without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983. When submitting a Motion to Proceed *In Forma Pauperis*, the Plaintiff is required to submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). In addition to the aforementioned affidavit, Plaintiff is further required to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

In this case, Plaintiff failed to submit a certified institutional account statement for the six-month period immediately preceding the filing of the Complaint. Plaintiff is reminded that this is a statutory requirement pursuant to 28 U.S.C. § 1915(a)(2).

1

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis* [ECF No. 1] is **DISMISSED** without prejudice.  It is further **ORDERED** that the Clerk of Court is directed to mark this case administratively closed, without filing the complaint or assessing a filing fee.[1]

It is further **ORDERED** that Plaintiff may reopen the case by (i) tendering to the "Clerk, U.S. District Court," a statutory filing fee in the amount of $350.00, plus an administrative filing fee in the amount of $50.00, for a total of $400.00 or (ii) submitting another motion to proceed *in forma pauperis* along with the required affidavit and a certified copy of the inmate account statement for the six (6) months preceding the filing of the complaint.

s/Richard A. Lanzillo<br>
RICHARD A. LANZILLO<br>
United States Magistrate Judge

Dated: June 26, 2020

---

[1] Such an administrative termination is not a "dismissal."  Rather, it is an "administrative convenience" that permits the Court to remove the case from its active calendar until such time as it is ripe for reactivation or adjudication.  *Penn West Assocs., Inc. v. Cohen*, 371 F.3d 118, 127 (3d Cir. 2004) (endorsing the judicious use of administrative closures) (quoting source omitted). Because an administration termination "has no legal significance beyond removing the case from [the court's] active docket," it does not prejudice the substantive rights of the parties.  *Massey v. Pfeifer*, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017).  However, failure to comply with this order within a reasonable time may result in a recommendation that this matter be dismissed for failure to prosecute.