IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER M. MILLER, | ) Case No. 1:20-cv-160 Erie |
| Plaintiff | ) |
| v. | ) RICHARD A. LANZILLO |
| | ) UNITED STATES MAGISTRATE JUDGE |
| WARDEN GREGORY GERBAUER, et al., | ) |
| | ) ORDER |
| Defendants | ) |

Plaintiff has filed a motion seeking leave to proceed *in forma pauperis* [ECF No. 3], along with a proposed complaint. ECF No. 1-2. Because he is seeking leave to proceed *in forma pauperis*, Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e).[1] Among other things, that statute requires the Court to dismiss any action in which the Court determines that the action is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *Muchler v. Greenwald*, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015).

In the instant case, Plaintiff has named the following Defendants: Warden Gregory Gebauer; Warden Ed Warmbrodt; Commissioner Matt Quesenbury; Commissioner Joe Daghir;

---

[1] Because Plaintiff is proceeding *pro se*, his allegations, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Moreover, under the liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. *Gibbs v. Roman*, 116 F.3d 83 (3d Cir. 1997).

1

Commissioner Fritz Lecker; Sheriff Todd Caltagarone; and District Attorney Tom Coppolos. Plaintiff contends that these Defendants violated his constitutional rights as secured by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. ECF No. 1-2. Without providing a factual narrative to support his claims, Plaintiff primarily alleges that Elk County Prison "administration" violated his rights by "failing to provide adequate notice or a hearing" prior to referring a disciplinary incident to the "district attorney for the filing of formal criminal charges." *Id.* Plaintiff seeks monetary damages and declaratory relief pursuant to 42 U.S.C. § 1983. *Id.*

Plaintiff's proposed complaint suffers from several defects. As an initial matter, Plaintiff's complaint is comprised almost entirely of legal conclusions, citations to caselaw, and legal argument. The Court must disregard such "legal conclusions disguised as factual allegations" in evaluating the sufficiency of a pleading. *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). More critically, Plaintiff has failed to describe the incident at the heart of his allegations[2] with any specificity or explain how any of the Defendants were personally responsible for the misconduct that allegedly followed. Indeed, aside from including them in the caption of the complaint, Plaintiff does not mention any of the named Defendants (aside from a lone reference to Warden Gebauer)[3] anywhere

---

[2] From a review of the exhibits attached to Plaintiff's complaint, it appears that a guard overheard him threatening a state court judge and reported him to the local district attorney.

[3] Plaintiff's lone averment that Warden Gebauer denied his grievances "in a rote and perfunctory manner" is insufficient to state a claim. *See, e.g., Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n

2

in his complaint, let alone attributed any misconduct to them. In the absence of specific allegations that a defendant played a personal role in depriving the plaintiff of a constitutional right, dismissal is ordinarily appropriate. *See, e.g., Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Additionally, several of Plaintiff's putative claims are plainly deficient or fail to state a claim upon which relief can be granted. For example, while Plaintiff alleges a violation of his Fifth Amendment rights, "the Fifth Amendment restricts the actions of federal officials, not state actors." *Leventry v. Watts*, 2007 WL 1469038, at *2 (W.D. Pa. May 17, 2007). *See also Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983) ("The limitations of the [F]ifth [A]mendment restrict only federal governmental action"). Consequently, Plaintiff cannot maintain a Fifth Amendment claim pursuant to § 1983. *Id. See also Kopchinski v. Green*, 2006 WL 2228864, at *1 (E.D. Pa. Aug. 2, 2006) (dismissing plaintiff's Fifth Amendment claims because the defendants were state actors). Similarly, Plaintiff's attempt to establish an equal protection claim fails because he has not identified himself as a member of a protected class or explained how he was treated differently than other similarly situated inmates. *Mack v. Warden Loretto FCI*, 839 F.3d 286 (3d Cir 2016) (To establish an equal protection claim, Plaintiff must allege "that he was

---

officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

3

treated differently than other similarly situated inmates, and that this different treatment was the result of intentional discrimination based on his membership in a protected class.").

Finally, Plaintiff seeks, in addition to monetary relief, an order directing the state court to terminate the criminal proceedings pending against him in *Commonwealth v. Miller*, MJ-59302-CR-0064-2020. Such relief is unavailable in a § 1983 proceeding. *Black v. Moser*, 2018 WL 3239775, at *1 (M.D. Pa. July 3, 2018) ("It is well-settled that inmates may not use civil rights actions to challenge the fact or duration of their confinement or to seek earlier or speedier release.") (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1975)). Moreover, because the criminal proceedings at issue appear to be ongoing, any monetary claims pertaining to those proceedings are likely barred by the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37, 43-44 (1971) (holding that federal courts must generally abstain from exercising jurisdiction where the federal adjudication would interfere with an ongoing state court proceeding).

For the foregoing reasons, Plaintiff's complaint is subject to dismissal. Rather than recommend that this action be dismissed pursuant to § 1915(e) at this time, however, the Court will instead provide Plaintiff an opportunity to file an amended complaint. If he chooses to file an amended complaint, Plaintiff should identify the state officers or officials implicated in his claims, name them as defendants, and explain how each was <u>specifically involved</u> in the alleged violations of his civil rights. Rather than cite cases and offer legal analysis, Plaintiff should attempt to describe what happened to him by including relevant dates, times, and locations, and should explain to the Court how each defendant's behavior, action, or inaction contributed to the alleged

violation.  Should Plaintiff fail to file an amended complaint adhering to the standards set forth above within the allotted time period, the Court may recommend that this action be dismissed.

Consistent with the foregoing, it is hereby ORDERED that Plaintiff file an amended complaint that complies with the foregoing instructions on or before November 19, 2020.  Failure to do so may result in a recommendation that this matter be dismissed.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: October 20, 2020